## Sayen Estate

*Butler, Beatty, Greer & Johnson,* for accountant.
*Arnold M. Snyder,* for Commonwealth.

VAN RODEN, P. J., February 16, 1956.—The first and final account of the executor of decedent's estate was duly audited, adjudicated and confirmed nisi by written adjudication dated November 3, 1955. The said adjudication nisi has been confronted by exceptions filed on behalf of the Commonwealth of Pennsylvania relating to the allowance by the auditing judge of certain deductions in the assessment and computation of transfer inheritance tax.

The disputed deductions involve expenditures incurred in the maintenance of decedent's household for a period of three months following date of death.

The facts are that decedent resided in a 20-room house situated on approximately 18 acres of land on Conestoga Road, Wayne, Radnor Township, Delaware County, which she occupied as life tenant pursuant to a trust established under the will of her late husband. At the time of her death, she owned and possessed in said residence, furniture, household effects, silver, wearing apparel and other similar personal effects having an appraised value of $7,559. In addition

thereto, she owned and possessed in said residence other items of jewelry and objects valued at $1,957.50 which she specifically bequeathed in her will.

In order to protect decedent's property until the inventory could be completed and all objects mentioned in the will could be located, the executor decided to maintain the household for a period of three motnhs. The sole purpose of such action by the executor was the preservation of decedent's property for the benefit of the estate as a whole and was not designed for the benefit of any specific beneficiary.

In the course of said period of three months, the executor expended the sum of $1,860 for wages of the housekeeper, $1,200 for wages of the gardener and $772.55 for fuel, utilities and other expenses, or a total of $3,832.55.

These items were listed in the statement of debts and deductions for inheritance tax purposes, but the register of wills, as agent for the Commonwealth, suspended action thereon pending audit. In the adjudication nisi, the auditing judge found that these expenditures were necessary and proper for the preservation of the valuable contents of the residence and held that said items were proper deductions in the computation of the net clear value of decedent's estate for the assessment of inheritance tax.

It is elementary that one of the primary duties of the personal representative of a decedent's estate is the preservation of the assets belonging to the estate. It follows that the expenses of administration may include such expenditures for payments as are reasonably necessary to preserve the property pending administration. See 21 Am. Jur. 668-669; 28 Am. Jur. 122; 24 C. J. 113.

Of course, with respect to property specifically bequeathed or devised, the cost of preservation and main-

tenance should be borne by the specific beneficiary rather than chargeable against the general estate. See Schott's Estate, 11 D. & C. 373 (1928) ; Borie's Estate, 13 D. & C. 355 (1930) ; Anderson Estate, 77 D. & C. 74 (1951).

In Anderson Estate, supra, a clear distinction is made between expenditures for the benefit of a specific devisee and those for general administration, and it was held that the premiums on fire insurance policies covering specifically devised real estate must be charged against the specific devisee who benefits from the insurance and cannot be deducted in the assessment of inheritance tax, whereas public liability insurance for a period of one year is a proper administration expense and the premium is a deductible item for inheritance tax purposes. In the instant case, it must be borne in mind that the real estate involved did not form part of decedent's estate, and the maintenance expenses incurred by the executor for a relatively short period were not designed for the benefit of the ultimate specific devisee of the real estate but were for the sole purpose of protecting and preserving the personal property located within the residence, so that same might be properly located, itemized, inventoried and appraised for estate purposes. This was obviously for the benefit of the estate rather than any particular beneficiary, and said expenditures, therefore, come within the category of proper expenditures reasonably necessary for the preservation of the property pend-administration. Accordingly, these expenditures must be considered as "expenses of the administration" within the meaning of section 2 of the Act of June 20, 1919, P. L. 521, as amended, 72 PS §2302, relating to the imposition of transfer inheritance tax on the clear value of the property subject to the tax.

The exceptions must, therefore, be dismissed.

## Decree

And now, to wit, February 16, 1956, the exceptions of the Commonwealth of Pennsylvania to the adjudication nisi dated November 3, 1955, having come on to be heard by the court, and oral argument and written briefs having been submitted, and after full and careful consideration and review of the entire matter, the court being of the opinion that the findings and disposition by the auditing judge were proper and just and should not be disturbed, it is, therefore, ordered, adjudged and decreed as follows:

1. The exceptions heretofore filed by the Commonwealth of Pennsylvania to the adjudication nisi dated November 3, 1955, be and the same are hereby dismissed.

2. The said adjudication dated November 3, 1955, is hereby ratified and confirmed absolutely.

3. The parties shall bear their respective costs.